IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNNA GADOMSKI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:23-CV-4036-TWT |

**ORDER**

Defendants City of Atlanta and Lieutenant Desmond Floyd move to consolidate this case with four other cases currently pending in this Court. (Doc. 13).[1] For the reasons that follow, the Court will grant the Motion.

**I. Background**

The five cases arise from a protest that took place outside of then-councilwoman Natalyn Archibong's home, in Atlanta, Georgia, on September 8, 2021. (Doc. 14 ¶ 12). The purpose of the protest was to express the protesters' views regarding the proposed construction of a police training facility (referred to as "Cop City") and City Council's vote related to such. (Doc. 14 ¶ 13). The protesters were located on the roadway outside of the home, holding signs, and chanting. (Doc. 14 ¶¶ 14, 16). Shortly after the protest began, City of Atlanta Police Department officers arrived, but did not take any action to interrupt the protest. (Doc. 14 ¶ 17). The

[1] *Simon v. City of Atlanta, et. al.*, No. 1:23-cv-04037-TWT, *Smith v. City of Atlanta, et. al.*, No. 1:23-cv-04038-TWT, *Zapata v. City of Atlanta, et. al.*, No. 1:23-cv-04039-TWT, and *Olmechenko v. City of Atlanta, et. al.*, No. 1:23-cv-04041-TWT.

officers eventually announced that the protesters were in violation of a noise ordinance and the protesters ceased the use of their megaphones. (Doc. 14 ¶¶ 17-19). Within forty minutes or so of their arrival, the officers told the protesters they were obstructing traffic and had to leave. (Doc. 14 ¶ 20).

The protesters started to walk while chanting (as opposed to standing in place) but after a few minutes of this, the protesters decided to leave the area. (Doc. 14 ¶¶ 20-21). Around this time, Defendant Lieutenant Desmond Floyd ("Lt. Floyd") gave the order to arrest all the protesters. (Doc. 14 ¶ 21). Plaintiff Johnna Gadomski, along with Juan Zapata, Hadar Ben Simon, Kelsey Smith, and Lev Omelchenko (collectively, "Plaintiffs") were arrested and charged with violating the Pedestrian in Roadway statute (O.C.G.A. § 40-6-96). (Doc. 13 ¶ 5). Mr. Zapata alleges that he was also charged with Obstruction. *Id.*

Plaintiffs filed their respective suits against Lt. Floyd, the respective arresting officer(s) (Officer Zady Luna, Officer Jason Brayboy, Officer Cesar Gonzalez, Officer Paul Vendryes, and Officer Carl Miller of the City of Atlanta Police Department), and the City of Atlanta ("City") (collectively, "Defendants") on September 8, 2023. (Doc. 1).[2] Plaintiffs allege they were arrested because of their participation in the protest, not due to violating a law. (Doc. 14 at 1-2). They assert claims under 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution and O.C.G.A. § 51-7-40. (Doc. 14 at 1). On December 15, 2023, the City and Lt. Floyd

---

[2] *See supra* note 1.

filed a motion to consolidate the cases under Federal Rule of Civil Procedure 42(a). (Doc. 13).

## II. Legal Standard

District courts may consolidate cases where the "actions involve a common question of law or fact." Fed. R. Civ. P. 42(a). The rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotation marks omitted). The decision to consolidate cases is committed to the sound discretion of the trial court. *See id.* (Rule 42(a) "is permissive and vests a purely discretionary power in the district court" (quotations omitted)); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary.").

In exercising its discretion, however, district courts must consider several factors:

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)), *on reh'g*, 712 F.2d 899 (4th Cir. 1983).

## III. Discussion

Defendants contend the five cases involve the same issues of law and fact. (Doc. 13 ¶ 8). Plaintiffs do not object to consolidating the actions of Gadomski, Simon, Smith, and Zapata for discovery and pre-trial motion purposes. (Doc. 15 at 2). However, Plaintiffs object to the consolidation of the Omelchenko case solely because Mr. Omelchenko was not protesting but was only present to record the event as a reporter. *Id.* Thus, Plaintiffs believe the issues addressed in briefing and discovery will be different from the other cases. *Id.* As such it would then be "confusing and awkward" for the Court, counsel, and the jury to deal with this case in the same breath as the remaining cases. *Id.*

The Court disagrees. Although the lawsuits involve different plaintiffs and different arresting officers, all five lawsuits arise from the same protest and are civil rights actions under 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and Georgia law. Besides Mr. Omelchenko's retaliation claim, the Court acknowledges that the remaining claims of unlawful seizure, malicious prosecution, and municipal liability are otherwise the same.

The Court further finds that, consolidating these cases will expedite pretrial proceedings, avoid duplication and harassment of parties and witnesses, and minimize expenditure of time and money by all. Additionally, Plaintiffs will not be prejudiced by consolidation because they will still be able to pursue all their claims after consolidation and the cases are currently at the same procedural stage. Lastly, because Rule 42(b) allows courts to order separate trials for separate claims, if and

when this case goes to trial, Plaintiffs can submit a Motion for Separate Trials. *See* Fed. R. Civ. P. 42(b).

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Motion to Consolidate Cases (Doc. 13). The Court DIRECTS the Clerk to (1) file this Order in this case and the four cases identified in footnote 1; (2) administratively close the four cases identified in footnote 1; and (3) consolidate all four cases identified in footnote 1 into this case (1:23-cv-04036). This matter shall proceed under *Gadomski v. City of Atlanta, et al.*, Case No. 1:23-cv-04036-TWT. All subsequent filings shall be captioned for Case No. 1:23-cv-04036-TWT.

SO ORDERED this 5th day of April, 2024.

Thomas W. Thrash, Jr.
United States District Judge